1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9     BRADY K. ARMSTRONG,            CASE NO. 1:12-cv-01498-AWI-GBC (PC)

10                            ORDER DISMISSING COMPLAINT WITH
               Plaintiff,             LEAVE TO AMEND

11
        v.                           (Doc. 1)

12
   C. ETCHEBEHERE, et al.,           AMENDED COMPLAINT DUE WITHIN

13                            TWENTY-ONE DAYS

14              Defendants.

15                          /

16
17 **I.      Procedural History**

        Plaintiff Brady K. Armstrong ("Plaintiff") is a state prisoner proceeding pro se and in forma
18
pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Doc. 1.  On September 13, 2012,
19
Plaintiff filed the complaint which is presently before this Court.  Doc. 1.
20

21 **II.     Screening Requirement**

        The Court is required to screen complaints brought by prisoners seeking relief against a
22
governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
23
Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
24
"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
25
monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
26
"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
27
dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
28

1    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

2         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

3    which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in

4    support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467

5    U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*

6    *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898

7    (9th Cir. 1986).  In determining whether to dismiss an action, the Court must accept as true the

8    allegations of the complaint in question, and construe the pleading in the light most favorable to the

9    plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421-22

10   (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

11   **III.   Plaintiff's Complaint**

12        Plaintiff is currently a state prisoner at the California Substance Abuse Treatment Facility

13   (CSATF) in Corcoran, California.  The events central to Plaintiff's complaint occurred while he was

14   a prisoner at CSATF.  Doc. 1.  In the complaint, Plaintiff names the following defendants: 1) C.

15   Etchebehere (Warden at CSATF); 2) Jose D. Ojeda (Catholic Chaplain at CSATF); and 3) John Doe

16   (Facility Captain).  Doc. 1 at 2-3.  Plaintiff seeks injunctive and monetary relief.  Doc. 1 at 3.

17        According to Plaintiff, on February 21, 2012, Plaintiff filed a 602 grievance regarding

18   CSATF staff and the Catholic Chaplain intentionally blocking previously approved Islamic services

19   programs such as Friday Jumm'ah prayer and religious objects such as a prayer rug, Thikr beads and

20   prayer oils.  Doc. 1 at 3.  Plaintiff alleges that the Eid celebration was intentionally deprived to the

21   lower "C" Facility Muslims as a result of Plaintiff submitting the 602 grievance.  Doc. 1 at 3.

22

23   **IV.   Legal Standards and Analysis**

24        **A.    Rule 8**

25        A complaint must contain "a short and plain statement of the claim showing that the pleader

26   is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

27   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

28   do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (citing *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, *Iqbal* at 1950, and while factual allegations are accepted as true, legal conclusions are not, *id.* at 1949.

### B.    First Amendment Right to Free Exercise of Religion

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342 (1987)); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979).  The protection of the Free Exercise Clause of the First Amendment is triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith and rooted in religious beliefs. *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)); *Callahan v. Woods*, 658 F. 2d 679, 683 (9th Cir. 1981)).

Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see O'Lone*, 482 U.S. at 349 (applying *Turner* to Free Exercise claims). First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one." *Turner*, 482 U.S. at 89.  A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates." *Id.* at 90.  A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." *Id.*  "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." *Id.*

### 1.    Analysis

Plaintiff is required to allege sufficient facts to support a plausible claim for relief against

each named defendant, which requires more than the mere possibility of misconduct. *Iqbal*, 556 U.S. at 678-79; *Moss*, 572 F.3d at 969. Plaintiff alleges that CSATF staff and the Catholic Chaplain intentionally blocked previously approved Islamic services programs such as Friday Jumm'ah prayer and religious objects such as a prayer rug, Thikr beads and prayer oils. Doc. 1 at 3. Plaintiff does that explain how the services and objects are being blocked, the frequency of these interruptions and the reasoning for blocking these services and objects. It is unclear whether the interruption in the services and ability to posses religious items is as a result of a regulation. Plaintiff fails to explain what is meant by "blocking" and how these instances of blocking Friday Jumm'ah prayer and religious objects such as a prayer rug, Thikr beads and prayer oils substantially burdened the exercise of his religious beliefs and thus fails to state a claim. *See Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005).

If Plaintiff chooses to amend, Plaintiff should explain: 1) what did each named defendant do to substantially burden the practice of his religion; 2) at what times did these deprivations take place; 3) whether the deprivations are a result of a policy or regulation; and 4) how does blocking the various services and objects substantially burdened Plaintiff's exercise of his religious beliefs.

## C.    RLUIPA

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008) (quoting 42 U.S.C. § 2000cc-5(7)(A)). Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005). "A 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Id.*

1   at 995 (citing *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)).

2   If the plaintiff meets his burden, defendants must demonstrate that "any substantial burden of

3   [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental

4   interest *and* the least restrictive means of furthering that compelling governmental interest." *Id.*

5   (emphasis in original); *see also Alvarez v. Hill*, 518 F.3d 1152, 1156 (9th Cir. 2009).  "RLUIPA is

6   to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs."

7   *Warsoldier*, 418 F.3d at 995.

8        Additionally, the Court finds that money damages for RLUIPA claims are not available

9   against state actors sued in their individual capacities.  *See, e.g., Nelson v. Miller*, 570 F.3d 868,

10  885-89 (7th Cir. 2009); *Rendelman v. Rouse*, 569 F.3d 182, 187-88 (4th Cir. 2009); *Sossamon v.*

11  *Texas*, 560 F.3d 316, 327-29 (5th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1272-73 (11th Cir.

12  2007). *Shilling*, 377 Fed. Appx. at 705.

13       **1.    Analysis**

14       Plaintiff is required to allege sufficient facts to support a plausible claim for relief against

15  each named defendant, which requires more than the mere possibility of misconduct. *Iqbal*, 556 U.S.

16  at 678-79; *Moss*, 572 F.3d at 969.  Plaintiff alleges that CSATF staff and the Catholic Chaplain

17  intentionally block previously approved Islamic services programs such as Friday Jumm'ah prayer

18  and religious objects such as a prayer rug, Thikr beads and prayer oils. Doc. 1 at 3.  Plaintiff does

19  that explain how the services and objects are being blocked, the frequency of these interruptions and

20  the reasoning for blocking these services and objects.  It is unclear whether the interruption in the

21  services and ability to posses religious items is as a result of a regulation.  Plaintiff fails to explain

22  how "blocking" Friday Jumm'ah prayer and religious objects such as a prayer rug, Thikr beads and

23  prayer oils substantially burdened the exercise of his religious beliefs and thus fails to state a claim.

24  *See Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005).

25       If Plaintiff chooses to amend, Plaintiff should explain: 1) what did each named defendant do

26  to substantially burden the practice of his religion; 2) at what times did these deprivations take place;

27  3) whether the deprivations are a result of a policy or regulation; and 4) how does blocking the

28  various services and objects substantially burdened Plaintiff's exercise of his religious beliefs.

### D.    Equal Protection / Discrimination

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  A plaintiff can establish an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class.  *See e.g., Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).  Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as religion.  *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

### 1.    Analysis

Plaintiff fails to state an Equal Protection claim against any defendants.  Although Plaintiff alleges that his religious services and items are being blocked, Plaintiff fails to allege sufficient facts which indicate that Defendants' actions were a result of Plaintiff's being Muslim and not a result of prison management decisions that equally affect all religious groups in the facility.  Therefore, Plaintiff fails to state a cognizable § 1983 Equal Protection claim against Defendants.

### E.    Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges that the Eid celebration was intentionally deprived to the lower "C" Facility

6

Muslims as a result of Plaintiff submitting the 602 grievance. Doc. 1 at 3. As Plaintiff fails to link the deprivation of the Eid celebration to a particular individual, Plaintiff fails to state a claim. However, in case Plaintiff is able to demonstrate that retaliation has occurred, the Plaintiff can use the above legal standard if he decides to submit an amended complaint. If Plaintiff chooses to amend, he should specify how and when a particular individual knew of Plaintiff's grievance.

## V.    Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff's complaint, filed September 13, 2012, is dismissed for failure to state a claim upon which relief may be granted;

7

3.    Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    November 5, 2012

_____
UNITED STATES MAGISTRATE JUDGE